I respectfully dissent from the majority decision to remand the instant matter for the taking of additional evidence on the grounds that, while the Full Commission has the discretion to do so, it is clearly improper in this matter.
Plaintiff had more than ample opportunity, over seven months, to prepare the information he wanted to present to Dr. Markworth, who plaintiff now seeks to re-depose. Any information which plaintiff presently has was available at the initial deposition. Therefore, plaintiff's Motion does not qualify under the rule for newly qualified evidence. Also, plaintiff clearly violated Industrial Commission Rule 605 (d) and North Carolina Rules of Civil Procedure 30 (b)(1) by the ex parte deposition of Dr. Markworth which plaintiff took without notice to defendant on 23 July 1996 and proffered as evidence to the Full Commission. Obviously, this disregard of the Industrial Commission rules is unfair to the defendant, who had no opportunity to cross examine or take part in the deposition.
By allowing repeated depositions of doctors based upon the rephrasing of long known information, the majority is needlessly prolonging litigation and encouraging attorneys to not be fully prepared for depositions. In fact, plaintiff sought to re-depose the treating physician after the record was closed in the plaintiff's prior related claim, I.C. # 337364, which the Deputy Commission and Full Commission ruled was non-compensable, as the injury did not arise out of and in the course of his employment with the defendant.
In granting plaintiff's Motion, the majority is questioning the judgment of a 20 year Deputy Commissioner who has twice denied plaintiff's motions. While it is the duty of the Full Commission to clarify any areas which may be of benefit to either of the parties, this duty does not extend to situations where there is no confusion as to the information available. If the majority seeks to clarify the record, then the majority should allow the same Deputy Commissioner to consider any new information which may result from the new depositions, rather than the Full Commission, which has not had the benefit of viewing the plaintiff.
For the foregoing reasons, I respectfully dissent.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER